UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SCOTT REYNAUD                               CIVIL ACTION


VERSUS                                      NO: 07-8456


HORACE MANN INSURANCE COMPANY               SECTION: "R"(3)


## ORDER AND REASONS

Before the Court is plaintiff's motion to remand this case
to state court.  For the following reasons, the Court GRANTS
plaintiff's motion.


**I.    BACKGROUND**

Hurricane Katrina damaged plaintiff's home in Slidell,
Louisiana.  On August 30, 2007, plaintiff sued his homeowners
insurer, Horace Mann Insurance Company, in state court.
Plaintiff seeks damages for property damage to his home,
defendant's breach of contract, and damages and penalties
pursuant to La. Rev. Stat. §§ 22:1220 and 22:658.  On November 9,

2007, Horace Mann removed the case, contending that jurisdiction exists in federal court pursuant to 28 U.S.C. § 1332.  Plaintiff now moves to remand.  Defendant has not opposed the motion.

## II.  LEGAL STANDARDS

### A.    Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.   Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of

showing that the amount in controversy is sufficient to support

federal jurisdiction differs depending on whether the plaintiff's

complaint alleges a specific amount of monetary damages. *See*

*Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage

figure in excess of the required amount in controversy, "that

amount controls if made in good faith." *Id.*  (*citing St. Paul*

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If

a plaintiff pleads damages less than the jurisdictional amount,

this figure will also generally control, barring removal. *Allen*,

63 F.3d at 1335.  "Thus, in the typical diversity case, the

plaintiff is the master of his complaint."  *Id*.

Here, however, plaintiff filed her complaint in Louisiana

state court, and Louisiana law ordinarily does not permit her to

plead a specific amount of money damages.  When, as here, the

plaintiff has alleged an indeterminate amount of damages, the

Fifth Circuit requires the removing defendant to prove by a

preponderance of the evidence that the amount in controversy

exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th

Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v.*

*Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant

satisfies this burden either by showing that it is facially

apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412.  Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

**III. ANALYSIS**

As of the date of removal, plaintiff's state court petition did not allege a specific amount of damages.  Plaintiff claimed that the wind damage to his property included damage to the roof, several windows, and that wind-driven rain saturated the insulation, drywall, and paint finishes of the interior of the dwelling. (Compl. ¶ 7).  Plaintiff alleged that his property was "substantially damaged" and that defendant is liable for failure to pay the face value of the policy, but did not estimate the cost of necessary repairs or indicate the value of his insurance policy. (Compl. ¶ 8).  In its notice of removal, Horace Mann

asserted that the amount in controversy requirement was met because plaintiff is seeking damages for coverages under his insurance policy, "which coverages exceed $75,000." (R. Doc. 1 ¶ 18). Defendant thus rested its removal petition on its assertion that the face value of the underlying policy exceeds $75,000, but has provided the Court with no evidence to that effect. Defendant did not oppose plaintiff's motion to remand, nor provide the Court with plaintiff's policy as evidence of its value.

In his petition, plaintiff also seeks attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658. Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy. *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002). Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220. However, a plaintiff must show proof of actual damages arising from the breach to recover any more than $5,000. *See Hannover Corp. of America v. State Farm*

*Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995).  Plaintiff
here does not allege in his petition an amount of damages, if
any, that he sustained from Horace Mann's breach, but includes
general allegations that he has suffered damages, including pain
and suffering, loss of use, loss of enjoyment, and embarrassment.
(Pl.'s Compl. ¶ 29).  Under Section 22:658, the insurer is
subject to a penalty, "*in addition to the amount of the loss*" of
twenty-five percent of the amount due under the policy, or
$1,000, whichever is greater, whenever it arbitrarily,
capriciously, or without probable cause fails to pay within 30
days of satisfactory proof of loss. La. Rev. Stat. § 22:658
(emphasis added).

Based on the facts alleged in plaintiff's petition, the
Court finds that it is not facially apparent that the amount in
controversy is greater than $75,000.  Horace Mann has not
submitted any evidence indicating that the plaintiff's claims are
for more than $75,000.  With no evidence as to the extent of the
damage to plaintiff's property, the Court finds that the
defendant has failed to meet its burden to prove by a
preponderance of the evidence that the amount in controversy
exceeds $75,000.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this <u>23rd</u> day of January, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE